

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

**JOHN L. HILL**
ATTORNEY GENERAL

September 28, 1973

The Honorable B. L. DeBerry
Texas Highway Department
11th and Brazos
Austin, Texas 78701

Opinion No. H-113

Re: The status of signboards
as realty or personalty
for condemnation purposes.

Dear Mr. DeBerry:

You have requested our opinion on the following question:

"In our condemnation proceeding, should sign-
boards which are interred in the ground on the property
of the landowner, lessor, be treated the same as any
other realty such as fences, etc., or should such sign-
boards be treated as personalty because of the special
terms of the lease agreements between the landowner
and the lessee, . . . ."

Your question is prompted by the rule of law that, under normal circum-
stances, personalty, because of its removable character is not included in
determining compensation for condemnation purposes.

The sample "leases" attached to your letter provide in one way or
another that "all signs and improvements placed on the above mentioned
property pursuant to this lease are now and forever the exclusive property
of the lessee and may be removed by them at any time." This "lease" pro-
vision would indicate that between the parties the signs are considered per-
sonalty.

Whether the agreements are actually "leases, " or only licenses,
generally, if the signs were erected and interred in the ground, they would
be considered realty for condemnation purposes. In Texas, the character of
property as realty or personalty, for condemnation proceedings, is not affected
by any private agreement designating its character. Texas Pig Stands v.

Krueger, 441 S. W. 2d 940 (Tex. Civ. App., San Antonio, 1969, err. ref., n. r. e. ); Brazos River Conservation and Reclamation District v. Adkisson, 173 S. W. 2d 294 (Tex. Civ. App., Eastland, 1943, err. ref). In the Adkisson case, the question presented was:

> "Did the Court properly require the district to pay appellee for the property taken, including casing and other fixtures affixed to the leasehold estate, where the lease, producing wells, and such equipment were inundated by waters of the district's reservoir, even though as between the Appellee as Lessee and the original landowners as Lessors, Appellee had the privilege of removing such fixtures at the termination of the lease?" (emphasis added)

The Court answered in the affirmative because of the rule applied in condemnation cases and approved the following statement: " . . . Where fixtures are of such a character that if put in by the owner, they would constitute a part of the real estate, they must be paid for as 'real estate' by the party condemning the land. "

Accordingly, in condemnation proceedings, in determining whether signboards which are interred in the ground constitute realty or personalty, they should be treated as though they were owned and had been erected by the landowner, notwithstanding private agreements about the matter.

### SUMMARY

In condemnation proceedings signboards which are interred in the ground should be treated as though they were owned and had been erected by the landowner in order to determine whether they constitute personalty or realty, notwithstanding private agreements about the matter.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee